Per Curiam.

The question is, whether the deed tendered by the
defendant was a sufficient performance of his covenants alleged in the declaration.
The first objection insisted on is, that the deed contained no covenants of warranty. The defendant covenanted that he would make a transfer to the plaintiff, in as full and ample a manner as Hatch had engaged to do to the defendant; and it appears that he has tendered a deed in which he has conveyed the title in as full and ample a manner as Hatch had in fact conveyed it to him. He did all that he was bound to do; all that Hatch had done or engaged to do to him. The case of Lassels vs. Catterton, which was cited for the plaintiff, stands on different grounds. That was a covenant to make such conveyance as counsel should advise ; and the allegation of the breach was, that the plaintiff had tendered such a conveyance, which was set forth at large ; and it is there said that in such case usual covenants may be put in; but there must not be a warranty.
*336 The other objection is, that, the defendant should first have recorded Hatch’s transfer, before he could legally * assign it to the plaintiff. But we do not think the defendant was under such an obligation. It was for the plaintiff to register the transfer, as in cases of conveyance of real estate, which the purchaser always procures to be recorded.

Plaintiff nonsuit